FINNERTY v. COUGHLIN ET UX.

PRACTICE: CONTINUANCE: ATTORNEY.

*Appeal from Franklin District Court.*

SATURDAY, APRIL 24.

THE plaintiff alleges in his petition that, on the 13th day of August, 1874, the defendants were indebted to him in the sum of $366, and to secure the same they executed to him a deed of certain real estate in Wright county. He prays for a decree for the amount due, and for foreclosure.

The defendants deny the indebtedness, and aver that the deed was executed to the plaintiff in pursuance of a sale of the property to him, and as an absolute conveyance.

Depositions were taken upon both sides. Before the case came on for hearing, the plaintiff moved to suppress the deposition taken in behalf of the defendants, upon the ground of an irregularity in the notices. The motion was sustained. The defendants then moved for a continuance to enable them to retake the deposition, but the court overruled the motion, and the case was submitted upon the deposition of the plaintiff alone. The court rendered a decree against both defendants for the amount claimed, and for a foreclosure of the deed as a mortgage. The defendants appeal.

*Scales & Ripley*, for appellants.

*P. O. Cassidy*, for appellee.

ADAMS, CH. J.—I. The defendants assign as error that the court erred in sustaining the motion to suppress depositions. But the assignment is not argued, and it must be deemed waived.

II. The court gave the defendants until 9 o'clock of the following evening to file a motion for a continuance. They assign as error that the court erred in thus limiting the time. A motion, however, was made within the time, supported by affidavits, and we see nothing to indicate that any different grounds could have been shown if more time had been given.

. III. The grounds for a continuance were that after the suppression of their deposition they were left without evidence; that it was not their fault, nor the fault of counsel, that an irregularity had occurred in the notices for taking the deposition; that Mr. J. H. Scales was their only attorney; that on account of a pressure of business and absence from home he was obliged to entrust the drawing and service of the notices to a clerk, who made the mistake.

It is not easy for attorneys in large practice to avoid, at all times, commit. ting oversights. But those who have the fortune to have more work than they can do must expect to suffer the misfortunes which are incident thereto. Courts cannot properly grant them indulgence where it would result in any considerable inconvenience, delay and expense to the parties against whom they are employed. Some discretion may doubtless be allowed to a court in a case of this kind. No inflexible rule, we think, can be laid down. But we see nothing in this case which calls for our interference.

IV. The evidence shows that the . debt was that of Hugh B. Coughlin alone. In rendering a personal judgment against Kate N. Coughlin, we · think that the court erred. We see no other error.

MODIFIED AND AFFIRMED.